# FILED
## UNDER
# SEAL

Prob12C
D/NV Form
Rev. June 2014

# United States District Court
## for
## the District of Nevada

## PETITION FOR WARRANT
## FOR OFFENDER RELEASED ON BOND

Name of Offender: **Shdell Davis**

Case Number: **2:12CR00430**

Name of Sentencing Judicial Officer: **Honorable Gloria M. Navarro**

Date of Original Sentence: **August 19, 2013**

Original Offense: **Felon in Possession of a Firearm**

Original Sentence: **48 Months prison, followed by 36 Months TSR.**

Date Supervision Commenced: **April 24, 2020**

## PETITIONING THE COURT

☒ To issue a warrant.

The probation officer believes the offender has violated the following condition(s) of supervision: Bond

1. **Shall Not Commit Crime** - The defendant shall not commit another federal state or local crime.

   a) On July 2, 2023, Davis committed the following offenses:

      - Battery Constituting Domestic - 2nd Offense (Misdemeanor - N.R.S. 200.481)
      - Assault With Deadly Weapon Constituting Domestic Violence (Category B Felony- N.R.S. 200.471)
      - Coercion Constituting Domestic Violence with Use of a Deadly Weapon (Category B Felony - N.R.S. 207.190)

   According to the police report from the Las Vegas Metropolitan Police Department, Davis committed the aforementioned offenses against his girlfriend, Gabrielle Berg.

RE: Shdell Davis

Prob12C
D/NV Form
Rev. June 2014

During the early morning hours of July 2, 2023, a verbal altercation occurred between Shdell Davis and Gabrielle Berg, his girlfriend, regarding Davis dating other women. The incident occurred at a Motel 6 hotel. The altercation escalated, turning physical. Per the police report received, while Berg was seated on the bed, she was struck in her head by Davis, with both fists, multiple times. In defense, Berg grabbed Davis and attempted to shove him away at which time he grabbed her arm, put his body on top of hers, and produced a knife. Berg then hit Davis in the face with a closed fist causing him to release her. Berg was then able to leave the hotel and contact security at the registration office. Upon arrival, Officers observed minor swelling to the back of her head along with minor bruising to her forearm. Berg requested medical attention and was transported to UMC Emergency at her own request. Based on the conduct, Davis was arrested by the Las Vegas Metropolitan Police Department (LVMPD) and transported to the Clark County Detention Center for booking. Davis was charged with all three (3) the allegations noted above via a Criminal Complaint filed in Justice Court Case No 23-CR-049384 on July 3, 2023. A Preliminary Hearing is currently set for July 19, 2023, at 10:00 a.m.

b) On March 29, 2023, Davis committed the offense of Domestic Battery – 1st Offense (N.R.S. 200.485.1 ).

On March 29, 2023, Shdell Davis was arrested by the Henderson Police Department (HPD), and charged with Domestic Battery 1st, a misdemeanor. Per the police report, Davis was at the Joker's Wild Casino with Gabrielle Berg, his girlfriend, when a verbal altercation ensued. Per Berg, when she returned to the hotel room, Davis initiated a conversation about money. The conversation then turned physical. Per Berg, while she was on the bed, Davis grabbed her ankles and pulled her towards him. In doing this, Berg fell off the bed. Once off the bed, Davis held her down and continued to yell at her. Berg was able to leave the hotel room and contact hotel security who then contacted the Henderson Police Department. Upon officer's arrival, the noticed bruises on her ankle.

On April 6, 2023, Davis pled Nolo Contendere to Domestic Battery and was sentenced to credit for time served. Additionally, he was ordered to indirect supervision and ordered to pay $340 in Court fees.

On June 20, 2023, the Henderson Municipal Court issued a warrant for the arrest of Davis. The warrant was based on the fact that Davis failed to comply with the Court's order of April 6, 2023.

RE: Shdell Davis

Prob12C
D/NV Form
Rev. June 2014

2. **Refrain From Unlawful Use of Controlled Substance** - The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

   a) Davis tested positive for marijuana (THC) on the following dates:

   September 19, 2022
   September 28, 2022
   November 17, 2022
   November 30, 2022
   December 16, 2022
   December 23, 2022
   January 24, 2023
   March 14, 2023
   March 21, 2023
   March 29, 2023 (THC and cocaine)
   April 4, 2023
   May 9, 2023
   June 5, 2023
   June 8, 2023
   June 20, 2023
   June 24, 2023

   b) Davis failed to report for a scheduled drug test on the following dates:

   October 21, 2022
   February 3, 2023 (STALL- Did not submit sample)
   May 4, 2023
   June 17, 2023
   July 5, 2023

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

   ☒ Revoked

RE: Shdell Davis

Prob12C
D/NV Form
Rev. June 2014

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **July 11, 2023**



Digitally signed by Kamuela Kapanui
Date: 2023.07.12 08:47:49 -07'00'

Kamuela K Kapanui
United States Probation Officer

Approved:

Digitally signed by Wendy B. Beckner
Date: 2023.07.12 07:46:56 -07'00'

Joy Gabonia
Supervisory United States Probation Officer

*THE COURT ORDERS*

☐   No Action.

☒   The issuance of a warrant.

☐   The issuance of a summons.

☐   Other:

Signature of Judicial Officer

July 12, 2023
Date

RE: Shdell Davis

Prob12C
D/NV Form
Rev. June 2014

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. SHDELL DAVIS, 2:12CR00430

### SUMMARY IN SUPPORT OF PETITION FOR WARRANT
### July 11, 2023

By way of case history, on August 19, 2013, Davis was sentenced to 48 months custody followed by 36 months of supervised release for committing the offense of Felon in Possession of a Firearm. Davis commenced supervision on April 24, 2020, in the District of Nevada.

On May 4, 2022, a petition for summons was filed with the Court to initiate revocation proceedings. In the petition it was alleged that Davis violated his conditions by committing a new law violation (Felon in Possession of a Taser – Felony), submitted four (4) positive tests for marijuana, a stalled drug test and a missed drug test.

On May 17, 2022, Davis appeared before United States Magistrate Judge Elayna J. Youchah, for his initial appearance on the summons. Davis was released on a Personal Recognizance bond subject to existing conditions of supervised release, pending the revocation hearing. At the time of the initial appearance, his revocation hearing was set for June 7, 2022.

On July 22, 2022, a petition for bond violation was filed with the Court requesting a warrant. The petition alleged new criminal conduct where he was arrested for Sell/Transfer or Attempt Schedule I, II Controlled Substance. In addition, his petition listed other technical violations including possession of marijuana and ecstasy, a positive drug test for marijuana, and failing to notify his Probation Officer of law enforcement contact. On August 1, 2022, Davis appeared before United States Magistrate Judge Cam Ferenbach for his initial appearance. Davis was released on a personal recognizance pending his revocation hearing. Due to having pending criminal cases, his revocation hearing has not been held before Your Honor and has been continued on numerous occasions. His Revocation for Supervised Release hearing is currently set for July 18, 2023.

On May 17, 2023, Davis appeared in State District Court to address his Felon in Possession of a Taser charge. Davis pled guilty to a lesser charge of Possession of Dangerous Weapon, gross misdemeanor, and was sentenced to nine (9) months custody, suspended, Probation supervision not to exceed nine (9) months. Due to his recent arrest on July 2, 2023, for Battery Constituting Domestic - 2nd Offense, Assault with Deadly Weapon Constituting Domestic Violence, and Coercion Constituting Domestic Violence with Use of a Deadly Weapon, Nevada State Probation submitted a violation petition on July 5, 2023. He now has a Nevada State Probation Revocation hearing set for July 12, 2023.

To provide Davis an opportunity to modify his behavior, he was referred for outpatient treatment. However, despite being in treatment, he has continued to violate his drug testing condition by testing positive for drugs and failing to report for drug tests. Davis has also been arrested for new criminal conduct and is pending revocation proceedings in both federal and state Court. According to his clinician, Davis has been terminated from further counseling due to

RE: Shdell Davis

Prob12C
D/NV Form
Rev. June 2014

"indifference" to therapy and as he does not appear engaged. This officer has also regularly discussed how his choices have consequences and encouraged him to stay on a sober and crime-free path. The undersigned has also had collateral contacts with his support system, including his mother and brother, to assist in getting him back on track.

Pursuant to 18 U.S.C. § 3583(g)(4), Mandatory Revocation for possession of controlled substance or firearm or for refusal to comply with drug testing- if the defendant refuses to comply with drug testing, thereby violating the condition imposed by section 3563(a)(4), the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). Davis has placed himself in mandatory revocation due to testing positive for illegal controlled substances more than three (3) times over the course of one (1) year.

As noted above, Davis' conduct on supervision has been egregious. He was a victim of a shooting and currently suffers from the physical aftermath of that shooting, requiring the assistance of a walker to move around. He portrays himself as a victim, but his conduct simply indicates the opposite. Davis continues to test positive for drugs has missed multiple drug tests.

Davis is not new to the criminal justice system and has previous arrests/convictions for weapons, drugs and violent offenses. His criminal history includes the following convictions:

<u>Juvenile Adjudications:</u>

Aggravated Assault/Deadly Weapon (2008)

<u>Adult Convictions:</u>

Invasion of the Home (2011) (Probation revocation in 2013)
Assault with a Deadly Weapon (2014)
Possession of Stolen Firearm (2014)

He has been arrested multiple times for conduct including narcotics sales, domestic violence, possession of dangerous weapon and is currently pending a felony case (listed in allegation portion of report) for Battery Constituting Domestic, Assault with Deadly Weapon Constituting Domestic Violence, and Coercion Constituting Domestic Violence With Use of a Deadly Weapon. Despite being on supervision for three (3) years thus far and clearly understating the requirements, Davis is simply not complying with the Court-Ordered conditions. Davis has demonstrated that he is either unwilling or unable to comply with his Court ordered conditions and is deemed unamenable to supervision. He has shown that not only has his violation conduct escalated, but he has become a clear danger to the community.

Based upon the offender's conduct detailed in this petition, the probation office recommends the issuance of a warrant and that Davis's bond be revoked. It is further recommended he remain in custody pending further proceedings

**RE: Shdell Davis**

Prob12C
D/NV Form
Rev. June 2014

Respectfully submitted,

*Digitally signed by Kamuela Kapanui*
*Date: 2023.07.12 08:48:25 -07'00'*

_____
Kamuela K Kapanui
United States Probation Officer

Approved:

*Digitally signed by Wendy B. Beckner*
*Date: 2023.07.12 07:48:02 -07'00'*

_____
Joy Gabonia
Supervisory United States Probation Officer

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>SHDELL DAVIS | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 2:12-cr-00430-GMN-PAL-1<br>USM Number: 47404-048<br><br>Nisha Brooks-Whittington, AFPD<br>*Defendant's Attorney* |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1 of the Indictment.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC §§ 922(g)(1) & 924(a) | Felon in Possession of a Firearm | 10/17/2012 | 1 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/19/2013
Date of Imposition of Judgment

*/s/ Signature of Judge*

Gloria M. Navarro        U.S. District Judge
Name and Title of Judge

August 20, 2013
Date

AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: SHDELL DAVIS
CASE NUMBER: 2:12-cr-00430-GMN-PAL-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Forty-eight (48) months, to run concurrent with Nevada State Case Nos. C-11-276728-1 and C-12-285627-1.

☑ The court makes the following recommendations to the Bureau of Prisons:

Defendant be designated to serve his term of incarceration in a facility located within the State of Florida or State of Georgia.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

Judgment—Page    3    of    6

DEFENDANT:   SHDELL DAVIS
CASE NUMBER:   2:12-cr-00430-GMN-PAL-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
Three (3) years.

        The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☐   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

       If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

       The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: SHDELL DAVIS
CASE NUMBER: 2:12-cr-00430-GMN-PAL-1

## SPECIAL CONDITIONS OF SUPERVISION

1. <u>Possession of Weapons</u> - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. <u>Warrantless Search</u> - You shall submit to the search of your person, property, residence or automobile under your control by the probation officer or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant to ensure compliance with all conditions of release.

3. <u>Mental Health Treatment</u> - You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

4. <u>Substance Abuse Treatment</u> - You shall participate in and successfully complete a substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

5. <u>No Contact Condition</u> - You shall not have contact, directly or indirectly, associate with, or be within 500 feet of members of the East Coast Crips or Gerson Park Kingsman criminal street gang, their residence or business, and if confronted by members of the East Coast Crips or Gerson Park Kingsman criminal street gang in a public place, you shall immediately remove yourself from the area.

6. <u>Report to Probation Officer After Release from Custody</u> - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

## ACKNOWLEDGEMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
                    Defendant                                    Date


_____     _____
U.S. Probation/Designated Witness                Date

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 6

DEFENDANT: SHDELL DAVIS
CASE NUMBER: 2:12-cr-00430-GMN-PAL-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Case 2:12-cr-00430-GMN-PAL Document 79 Filed 03/12/23 Page 14 of 16
Case 2:12-cr-00430-GMN-PAL Document 29 Filed 08/20/13 Page 6 of 6

Judgment — Page 6 of 6

DEFENDANT: SHDELL DAVIS
CASE NUMBER: 2:12-cr-00430-GMN-PAL-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

District of Nevada

| | | |
|---|---|---|
| United States of America<br>v.<br>Shdell Davis<br><br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.   2:12CR00430 |

## ARREST WARRANT

To:  Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*  Shdell Davis                                                                                   ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment       ☐ Superseding Indictment    ☐ Information   ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition       ☒ Supervised Release Violation Petition      ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:
Violation of Supervised Release

Date: _____

*Issuing officer's signature*

City and state: _____

*Printed name and title*

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: **Shdell Davis**

Known aliases:

Last known residence: 306 Windemere Street, Henderson, NV

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth: **November 8, 1992**

Social Security number:

Height: **65**   Weight: **Brown**

Sex: **Male**   Race: **Black or African American**

Hair: **Black**   Eyes: **Brown**

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use: **Weapons, drugs, violence**

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number: **826834CC7**

Complete description of auto:

Investigative agency and address: **US Probation 300 Las Vegas Boulevard South #1200**

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Kamu Kapanui, 702-249-2220; 702-527-7225

Date of last contact with pretrial services or probation officer *(if applicable)*: June 24, 2023